**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GIANNI VERSACE, S.P.A.,      )
                               )
      Plaintiff,         )
                               )     No. 18-cv-05385
      v.                  )
                               )     Judge Andrea R. Wood
THE PARTNERSHIPS and       )
UNINCORPORATED ASSOCIATIONS   )
IDENTIFIED ON SCHEDULE "A,"    )
                               )
      Defendants.       )

## ORDER

Defendant Shop2827057's motion to dismiss [47] is denied. Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendant shall file an answer by 3/13/2019. If Defendant Shop2827057 fails to answer by 3/13/2019, it will be defaulted. The Clerk of Court shall send a copy of this Order to Defendant Shop2827057 at the address indicated on its motion [47]. In addition, Plaintiff shall send Defendant Shop2827057 a copy of this Order electronically in the same manner as service was originally accomplished. Status hearing set for 2/27/2019 is stricken and reset for 3/28/2019 at 9:00 AM. See the accompanying Statement for details.

## STATEMENT

Plaintiff Gianni Versace, S.P.A. ("Versace") alleges that a number of online vendors (collectively, "Defendants"), identified primarily by their domain names and online marketplace accounts, sold counterfeit versions of Versace's merchandise to Illinois residents via commercial Internet stores. Due to the difficulty in identifying the correct physical addresses of Defendants, as well as Defendants' demonstrated ability to use electronic communications in contacting customers and service providers, Versace requested that the Court approve electronic service of the summons and complaint on Defendants. (*See* Pl.'s Memo in Supp. of Mot. for Electronic Service at 1–2, Dkt. No. 18.)

On August 16, 2018, this Court entered an order directing that Defendants be served by email and electronic publication pursuant to Federal Rule of Civil Procedure 4(f)(3), which allows the Court to authorize service of process by any means not prohibited by international agreement. (8/16/2018 Minute Order, Dkt. No. 25.) *See also* Fed. R. Civ. P. 4(f)(3). Versace subsequently served Defendants, including Defendant Shop2827057, by electronically publishing the Complaint and Summons on a website to which Defendants' Domain Names redirect and by sending the same to the email addresses identified as belonging to the infringing accounts. Shop2827057 now asserts that such service is improper, claiming that China's "opposition to Article 10 of the Hague Convention" prohibits Versace from directly serving Shop2827057 in that

manner. (Def. Mot. to Dismiss, Dkt. No. 47.) Shop2827057 further claims that Versace should contact the Chinese Ministry of Justice regarding attempted service. *Id*.

But the Hague Convention does not displace Rule 4(f)(3). *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018). Indeed, the Hague Convention expressly does not apply "where the address of the person to be served with the document is not known." Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Art. 1, Nov. 15, 1965 ("Hague Convention"). That is precisely the case here: the eBay Internet store identified with Shop2827057 provided no physical address or identification of the owner. Since Versace did not and could not have known Shop2827057's true name or address, the Hague Convention does not apply and court-directed service was proper under Rule 4(f)(3). *See, e.g., MCM Holding AG, et al. v. Dequn Zhao, et al.*, No. 18-cv-1677 (N.D. Ill. Aug. 14, 2018) (Dkt. No. 42) (finding electronic service proper because defendant's address was unknown).

Nor must Versace attempt service by contacting the Chinese Ministry of Justice, as suggested by Shop2827057. The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–15 (9th Cir. 2002) (noting no requirement that plaintiff attempt service by other means before petitioning the court for leave to serve under Rule 4(f)). Moreover, email service of an online business defendant is warranted when the defendant has no readily discoverable physical address, conducts business over the Internet, and uses email regularly in contacting customers. *Id*. at 1017–18 (finding email service to be appropriate and the most likely method of reaching foreign Internet business entity).

For the reasons explained above, Defendant Shop2827057's motion to dismiss is denied. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the Court grants Shop2827057 fourteen days—*i.e.*, until March 13, 2019—to file an answer. If Shop2827057 fails to answer within that time, it will be found in default pursuant to Federal Rule of Civil Procedure 55(a).

Dated:  February 27, 2019

Andrea R. Wood
United States District Judge